1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                      Plaintiff,

     v.

PHILIP CARSON, TAMARA TUTSON,

                  Defendants.

Case No.10cr4794-BTM

**ORDER RE MOTION TO DISMISS INDICTMENT**

     Defendants move to dismiss their one-count indictment for attempt to induce a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b).  For the reasons set forth below, this motion is **DENIED**.

     Mr. Carson is alleged to have communicated with a confidential informant ("CI") via messages to the CI's MySpace account.  The CI represented that she was a minor.  Both Mr. Carson and the CI were in California when they exchanged messages.  Defendants assert that the MySpace servers that routed these communications are in Los Angeles.

     Subsequently, Ms. Tutson communicated with the CI via text messages and phone calls.  Both Ms. Tutson and the CI were in California when they exchanged messages.

     Defendants argue that as applied to them, 18 U.S.C. § 2422(b) violates the Commerce Clause because the government has alleged only intrastate use of telephones and the internet and has not alleged any independent impact on interstate commerce.  *See* Mem. at 9.  Defendants also challenge § 2422(b) on Tenth Amendment grounds.  *See* Mem.

1   at 12, 14-15.  Finally, Defendants argue that the indictment should be dismissed because
2   there was no actual minor involved.  Mem. at 15.  The Court addresses each argument
3   below.

4   **A.  As-Applied Commerce Clause Challenge**

5   At least two circuits have concluded that § 2422(b) is lawful under the Commerce
6   Clause.  *United States v. Faris*, 583 F.3d 756, 759 (11th Cir. 2009); *United States v.*
7   *Tykarsky*, 446 F.3d 458, 470 (3d Cir. 2006).  In *Faris*, the Eleventh Circuit specifically
8   addressed the issue raised by Defendants, holding that § 2422(b), as applied to intrastate
9   internet communications, telephone calls, emails, and travel routes, did not violate the
10  Commerce Clause.  583 F.3d at 759.

11  Defendants do not point to any case law requiring a different conclusion.  Instead,
12  Defendants contend that *Faris* and *Tykarsky* were wrongly decided because Congress has
13  no authority over communications that do not cross state lines unless there is an
14  independent effect on interstate commerce.  This argument lacks merit.

15  Under its commerce power, Congress may regulate three broad categories of activity:
16  (1) channels of interstate commerce; (2) instrumentalities of interstate commerce; and (3)
17  activities that substantially affect interstate commerce.  *United States v. Lopez*, 514 U.S. 549,
18  558-59 (1995).

19  It is well-settled that the internet and telephone are instrumentalities of interstate
20  commerce.  *See United States v. Carter*, No. 04-CR-05306 OWW, 2006 U.S. Dist. LEXIS
21  22501, at *16-17 (E.D. Cal. Apr. 17, 2006).  Congress is empowered to regulate these
22  instrumentalities, "even though the threat may come only from intrastate activities."  *Lopez*,
23  514 U.S. at 558.  Thus, when Congress regulates the instrumentalities of interstate
24  commerce, it may do so without showing that the regulated activity affects interstate
25  commerce.  *United States v. Dela Cruz*, 358 F.3d 623, 625 (9th Cir. 2004); *United States v.*
26  *Marek*, 238 F.3d 310, 317 (5th Cir. 2001) ("When Congress regulates and protects under the
27  second Lopez category, . . . federal jurisdiction is supplied by the nature of the instrumentality
28  or facility used, not by separate proof of interstate movement."); *United States v. Corum*, 362

10cr794-BTM

F.3d 489, 494 (8th Cir. 2004) ("[N]o additional showing of an interstate nexus is necessary when a statute regulates an instrumentality of interstate commerce."); *United States v. Gilbert*, 181 F.3d 152, 159 (1st Cir. 1999) ("The use of the telephone in this case to make a bomb-threat was, without more, sufficient to sustain jurisdiction under the interstate Commerce Clause."); Alex C. McDonald, *Dissemination of Harmful Matter to Minors Over the Internet*, 12 SETON HALL CONST. L.J. 163, 207-08 (2001) ("[F]ederal courts have concluded that because of the borderless nature of the Internet, it is impossible to limit an Internet communication to an intrastate communication and therefore all Internet communications are interstate commerce.").

Although the Ninth Circuit has not specifically addressed the validity of § 2422(b) under the Commerce Clause, there is Ninth Circuit authority for the proposition that Congress may regulate purely intrastate activity when an instrumentality of interstate commerce is used, irrespective of any separate effect on interstate commerce. *See United States v. Nader*, 542 F.3d 713, 717 (9th Cir. 2008) ("[Defendants] correctly do not contest that Congress has the power to regulate intrastate telephone calls . . . . Telephones are instrumentalities of interstate commerce that fall within the second *Lopez* category."); *Dela Cruz*, 358 F.3d at 625.  In *Dela Cruz*, defendant, a resident of the Commonwealth of the Northern Mariana Islands ("CNMI") was indicted for making two telephonic bomb threats in violation of 18 U.S.C. § 844(e) to a courthouse in the CNMI.  *Id.* at 624.  The Ninth Circuit rejected defendant's contention that his phone calls must have an effect on interstate commerce and held that these intrastate phone calls could be reached under the Commerce Clause.  *See id.* at 625  ("Because a telephone is an instrumentality of interstate commerce, no substantial effects inquiry is needed.").

Thus, Congress may, consistent with the Commerce Clause, prohibit the intrastate use of the internet and a telephone to entice a minor to engage in prostitution, just as it may prohibit intrastate use of these instrumentalities to make bomb threats, *Dela Cruz*, 358 F.3d at 625, or arrange a contract murder, *Marek*, 238 F.3d at 317.  Contrary to Defendants' position, no separate showing of an effect on interstate commerce is necessary.  The statute

1   is not unconstitutional as applied to Defendants.

2

3   **B.  The Tenth Amendment**

4

5   Defendants also contend that § 2422(b) impinges upon "traditional state police

6   powers" in violation the Tenth Amendment.  *See* Mem. at 14-15.  This argument lacks merit.

7   "[E]ven where a state government has acted, Congress retains the right to vindicate

8   the federal government's interests separately, and its decision to do so does not infringe

9   upon the state's ability to prosecute criminal sexual conduct under state law." *United States*

10   *v. Quinn*, 235 Fed. Appx. 431, 432 (9th Cir. 2007).  Specifically, with respect to the statute

11   at issue here, the Ninth Circuit stated that "because a § 2422(b) violation is its own offense

12   subject to prosecution independent of other underlying offenses, the state's power to

13   prosecute criminal sexual conduct under state law is in no way abrogated." *United States*

14   *v. Dhingra*, 371 F.3d 557, 564 (9th Cir. 2004).

15   Thus, regardless of whether state law enforcement "spearheaded the investigation,"

16   mem. at 11, or whether state law also criminalizes the conduct at issue, mem. at 14-15, the

17   federal government's prosecution of Defendants does not violate the Tenth Amendment.

18

19   **C.  Involvement Of An Actual Minor**

20

21   Defendants seek to preserve for appeal their argument that the indictment should be

22   dismissed because the CI was not actually a minor.  Defendants properly concede that this

23   argument has been foreclosed by *United States v. Meek*, 366 F.3d 705, 717-18 (9th Cir.

24   2004).

25

26   **D.  Conclusion**

27

28   Defendants' indictment  for attempting to induce a minor to engage in criminal sexual

activity in violation of 18 U.S.C. § 2422(b) does not violate the Commerce Clause or the Tenth Amendment. Binding precedent forecloses Defendants' argument that an actual minor victim is required for an attempt conviction under this statute. Defendants' motion to dismiss the indictment is **DENIED**.

**IT IS SO ORDERED.**

DATED:  August 29, 2011

Honorable Barry Ted Moskowitz
United States District Judge

5

10cr794-BTM